ALDACE F. WALKER *et al.*, as *Receivers of the Atchison, Topeka & Santa Fe Railroad Company*, v. A. B. GREEN.

### No. 10860.

RECEIVERS IN UNITED STATES COURTS—*Right to Sue Them in State Courts.* In the orders of the United States circuit court appointing receivers of the property and affairs of the Atchison, Topeka & Santa Fe Railroad Company, made in a foreclosure proceeding instituted in 1893 against that company by the trustee of its mortgage bondholders, direction was given to the receivers to make payment of all liabilities incurred by the company of the nature of damages for bodily injuries sustained through its negligence or that of its employees within twelve months preceding the date of the order; and likewise, in such orders, leave was given generally to all persons to bring suit against the receivers in other courts of competent jurisdiction without the previous permission of the court appointing them. *Held*, that under these orders an action for damages of the character stated, for injuries received within the time limited, may be maintained against the receivers in the courts of this state.

Error from Sedgwick district court; D. M. DALE, judge. Opinion filed December 10, 1898. Affirmed.

*A. A. Hurd*, *O. J. Wood*, and *W. Littlefield*, for plaintiffs in error.

*Rohrbaugh & Rauch*, and *Holmes & Haymaker*, for defendant in error.

The opinion of the court was delivered by

DOSTER, C. J. : This was an action brought by A. B. Green, as plaintiff, against the receivers of the Atchison, Topeka & Santa Fe Railroad Company for damages for bodily injuries sustained on account of the alleged negligence of the employees of the company itself at a time prior to the appointment of the receivers. The court below first ruled that the action against the receivers could not be maintained for the tort of the company committed prior to their appoint-

ment. It subsequently sustained the plaintiff's motion for a new trial upon the sole ground that the action could be maintained and that it had erred in holding to the contrary. From the order granting the new trial the defendants below prosecute error to this court. The case can be easily determined. The court was wrong in its first conclusion and right in its last one.

It will be observed that the action was not brought under the act of congress authorizing suits against receivers without leave of the courts appointing them. That act (U. S. Stat. L., ch. 866, § 3) provides that a receiver "may be sued in respect to any act or transaction of his in carrying on the business connected with the property, without the previous leave of the court in which such receiver was appointed." Inasmuch as the tort of the company or its employees committed previous to the appointment of the receivers was not their act, the statute quoted furnishes no basis for the maintenance of the action, but the right to maintain it must exist, if at all, in the general principles of equity and in the practice governing the appointment and control of receivers. Under the facts of the case these principles of equity and rules of practice are ample for the maintenance of the action. The injuries complained of by the defendant in error, plaintiff below, were sustained in October, 1893. In December following the property and affairs of the railroad company were placed by the United States circuit court in the hands of receivers, appointed at the suit of the trustee of the company's mortgage bondholders. A portion of the order appointing the receivers and directing them in the administration of their duties is as follows :

" The receivers herein are therefore further directed

Railroad Co. v. Green.

to pay all just and legal debts, demands and liabilities due or owing by the defendant company which accrued or were incurred for work, labor, materials, machinery, fixtures and supplies of every kind and character, done, performed or furnished in the improvement, equipment or operation of said road and its branches, and all just and legal liabilities incurred by the said company in the transportation of freight and passengers, including damages for injuries to employees or other persons and to property, which have accrued, or upon which suit has been brought or was pending, or judgment rendered, within twelve months last past.

"The receivers are authorized and directed to pay all such debts and liabilities, as the same shall accrue, out of the earnings of the road.

"For all liabilities incurred by the receivers in the operation of the road they may be sued in any court of competent jurisdiction, or the claimant may, at his election, file an intervening petition in this cause and have his demand adjudicated in this court. Judgments obtained against the receivers in the state courts which are not appealed from, and judgments against the company on demands which the receivers are by the terms of this order required to pay, not appealed from, will be audited and allowed by the receivers as of course ; or will, upon filing a transcript of the same in the master's office of this court, be audited and allowed as of course, as adjudicated claims against the receivership. The receivers may be sued in any court of competent jurisdiction without an application by the plaintiff in such suit to this court for leave to do so."

It will thus be seen that the receivers were directed "to pay all just and legal liabilities incurred by the said company in the transportation of freight and passengers, including damages for injuries to employees or other persons, and to property, which have occurred with twelve months last past." The right of the court to impose these equitable conditions to the ap-

Railroad Co. v. Green.

pointment of the receivers is undoubted — is not denied by counsel for plaintiff in error, and, even if the right were doubtful, its exercise could hardly be questioned in a collateral proceeding such as this. Therefore the demand in question became under the above-quoted order of the court an obligation of the receivers, and its payment became an enforceable duty. The only question therefore relates to the manner of its enforcement.

The courts are by no means unanimous as to the right, independent of statutory provisions, to maintain actions against receivers without leave of the court appointing them. We are not called upon, however, in this case to determine that question. In the order appointing the receivers leave was granted to sue them in other courts. The last sentence in the order above quoted reads as follows: "The receivers may be sued in any court of competent jurisdiction without an application by the plaintiff in such suit to this court for leave to do so." Language clearer or more emphatic than this could not be used. The only possible question that could arise is whether it is the correct practice to give general leave to all complaining parties to sue, or special leave to particular parties as they may apply for it. We have no doubt, as a matter of practice, that the leave may be given generally as was done in this case, but, whether this be true or not, the question is one which cannot be collaterally raised in this court, nor is it raised by the plaintiffs in error.

The order of the court below sustaining the motion for new trial is affirmed.